FILED

2013 Jan-14  AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH W. MELLO, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | CV-12-3552-S |
| | } | |
| HARE, WYNN, NEWELL & NEWTON, | } | |
| et. al., | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

The above-entitled case was transferred to this court on October 9, 2012, by order of the United States District Court for the Middle District of Tennessee (Nashville Division) in response to the alternative motion of defendants, Hare, Wynn, Newell & Newton, and Larry Crain ("defendants"), to dismiss or to transfer. Defendants' motion to dismiss was denied by the transferor court without prejudice, and is automatically reinstated in this court. The memorandum opinion of the Middle District of Tennessee that accompanied the order of transfer contained the following pregnant language:

> The Bankruptcy Court plainly has extensive familiarity with the nature of the parties' fee dispute, with respect to which the Bankruptcy Court has held several hearings, considered multiple rounds of briefing from the parties, and issued several orders, including an order dismissing the substantially identical *Mello II* dispute with prejudice. Furthermore, the Bankruptcy Court will be in the best position to determine whether its prior orders have partial or complete preclusive effect on Mello's claims asserted in this case, which (a) overlap substantially with the *Mello II* allegations that the Bankruptcy Court previously considered, dismissed with

prejudice and warned Mello not to refile; (b) appear, as to compensatory damages, to have been satisfied/precluded by the Bankruptcy Court's May 1, 2012 Order awarding disbursement of Mello's 7.5% share of Pogue's recovery from final settlement of the *qui tam* action; and (c) appear, as to punitive damages, to be without merit, given that the Bankruptcy Court has apparently found that Hare Wynn's transfer of the entire qui tam action proceeds to the liquidation trust account was proper in the first place. It also appears that several orders in the Bankruptcy Proceeding have been appealed to the District Court for the Northern District of Alabama, some of which the district court has ruled on, and at least one of which relates to the contingency fee dispute and remains pending. Plainly, the Bankruptcy Court and the District Court for the Northern District of Alabama are in the best position to determine the preclusive effect of their own orders, which may dispose of this case in whole or in part.

Taking judicial notice of the opinion being contemporaneously entered by this court in five consolidated appeals from the Bankruptcy Court for the Northern District of Alabama (Case Nos. 2:12-CV-1781-WMA, 2:12-CV-1782-WMA, 2:12-CV-1783-WMA, 2:12-CV-2200-WMA, 2:12-CV-2480-WMA), all of which opinion is hereby INCORPORATED in this opinion, and because this court agrees with the Middle District of Tennessee that this court is "in the best position to determine the preclusive effect of [its] own orders," this court will proceed to rule on defendants' motion to dismiss.

Plaintiff, Ralph W. Mello ("Mello"), seeks to recover damages from defendants, claiming that when they, as lawyers for the *relator*, settled a *qui tam* case pending in the Middle District of Tennessee, they wrongfully interfered with his entitlement to a portion of the contingent fee owed by the *relator*, because

defendants transmitted Mello's fee to the trustee in the *relator*'s Chapter 11 proceeding then pending in the Northern District of Alabama instead of directly to Mello.

Mello subsequently received from the *relator*'s bankruptcy proceeding his claimed percentage of the contingent fee.  It is true that he has spent time and effort in attempting to obtain his fee, time and effort that he would not have spent if his fee had been paid directly to him from the *qui tam* settlement.  This court can understand his impatience, but once the *relator*, who was the entity obligated for the contingent fee, was in bankruptcy, the bankruptcy proceeding subsumed everything related to it, and the orders entered in the bankruptcy court, which have now been affirmed by this court, and which were not appealed by Mello, are preclusive of Mello's claim in the above-entitled case.  For this reason, for the reasons stated by the Middle District of Tennessee before transfer, and for the reasons stated by this court in the appeals from the bankruptcy court, the above-entitled action will be dismissed with prejudice.

DONE this 14th day of January, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE